UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

REGINALD TYRELL FREEMAN,
Inmate No. 04024031,
Plaintiff,

vs. Case No.: 3:20cv5576/MCR/EMT

STATE OF FLORIDA, et al.,
Defendants.
________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Nos. 1, 8). The matter is before the court on Plaintiff's second amended complaint (ECF No. 11). The court is statutorily required to review Plaintiff's complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Upon review of Plaintiff's second amended complaint, it is apparent Plaintiff has failed to state a viable claim for relief against the Defendants. It likewise is clear Plaintiff cannot cure the deficiencies by filing a third amended complaint. *See Silva v.*

*Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted). The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff names nine Defendants in the second amended complaint—State of Florida; Escambia County Sheriff's Office; Escambia County Road Prison; and Officers Dennis Wells, Hunter Boutwell, Kevin Kelly, Charles Dickin, Christopher Moye, and Kevin Barnes (ECF No. 11 at 1–3). It appears Plaintiff's complaint is based on his arrest for possession of methamphetamine while working as part of an inmate roadwork crew.

Specifically, Plaintiff alleges that on March 19, 2020, while he was doing cleanup on a roadside, someone drove by on a black moped and threw down a small plastic bag containing a "white power substance" (*id.* at 6). Other inmates retrieved the bag and placed it in Plaintiff's shirt pocket (*id.*). Defendant Wells apparently observed the series of events (*id.*). Officers conducted a pat-down search of Plaintiff

and found—and retrieved—the bag (*id.*). Plaintiff apparently was charged with possession of methamphetamine (*id.*).

Plaintiff contends the officers were "insubordinate and neglegent [sic]" in "witnessing a black male on a black moped throw a plastic bag containing hazardous and potentially deadly substances and paraphernalia down near inmates and watching for over 20 minutes while acting like they were repairing tail lights on Officer Boutwell's work vehicle and until inmates tried to remove the trash and debris from the sidewalks as camps road prison volunteers" (*id.*). Plaintiff says the officers should have told "the inmates that they had seen hazardous material thrown near them that could have exploded or inhaled could have severely injured all of the working inmates or potentially killed them" (*id.* at 7). According to Plaintiff, "[m]ethamphetamine explodes and is extremely toxic if thrown or inhaled" (*id.*).

Plaintiff claims Defendants Wells and Boutwell "provided an unsafe work environment intentionally by walking past what appeared to be [a] hazardous and potentially explosive deadly substance on the ground then mischievously sat and waited for inmates who are assigned to trash detail and beautification try to remove the substance" (*id.*). Plaintiff says he "was a volunteer and [his] health and life were put in danger by Officers Wells and Boutwell" and that "[t]he citizens of Escambia

County's lives were threatened by the two Officers leaving hazardous and potentially deadly drugs or explosive materials laying on a sidewalk where inmates like [Plaintiff] or pedestrians could have been killed, burned or inhaled toxic chemicals in a natural disaster, pedemic [sic], and dangerous public and working place" (*id.*). Such conduct, in Plaintiff's view, "exhibits use of excessive force, cruel and unusual punishment, false imprisonment" (*id.*).

Plaintiff says Defendants Wells and Boutwell both stated they saw two other inmates "handle the controlled substance and place the plastic bag of potentially explosive and extremely toxic substance into [his] shirt pocket"; Plaintiff maintains his DNA was not found "on the substance" (*id.*). Plaintiff alleges Defendants Wells and Boutwell falsely imprisoned him (*id.*). He says Defendant Kelly "assisted them" and "completely ignored his Miranda rights because [Plaintiff] told them that the plastic bag was left to explode on the ground and placed in a shirt pocket" by another inmate and that he "did not possess anything knowingly" (*id.*). Plaintiff makes no factual allegations against the remaining Defendants.

Plaintiff asserts claims under the Eighth Amendment for excessive force and false imprisonment (*id.* at 8). He also alleges "social injustice because [he is] a black male" and "racism," referencing George Floyd and Donald Trump (*id.*). He asserts

claims for "abuse of power, entrapment, corruption, racism, and racketeering" (*id.*). As recompense, he seeks $3,000,000.00 in damages (*id.*). He also requests that "all cases be dismissed" and that Defendants Wells, Boutwell, and Kelly be sanctioned, reprimanded, and terminated (*id.*).

II. DISCUSSION

A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015). Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal marks and alteration omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits" and courts are not required "to conjure up questions never squarely presented to them").

B. Plaintiff's Complaint

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting

under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, as indicated above, Plaintiff invokes the Eighth Amendment.

In order to sustain a § 1983 claim, the named defendant must be an entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is determined by the law of the state in which the district court sits. *Id.* at 1214–15. Here, Plaintiff has named as Defendants the State of Florida, the Escambia County Sheriff's Office, and the Escambia County Road Prison, none of which are subject to this suit.

"The Eleventh Amendment provides that states may not be sued by their own citizens or citizens of other states." *Williams v. Robbins*, 153 F. App'x 574, 576 (11th Cir. 2005) (citing U.S. Const. Amend. XI and *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). "However, a state is not immune under the Eleventh Amendment if it has consented to suit or waived its immunity." *Id.* "Additionally, a state is not immune where Congress has abrogated the state's immunity by (1) unequivocally expressing its intent to abrogate the immunity,

through a clear legislative statement, and (2) acting pursuant to a valid exercise of power." *Id.* "Florida has not waived its Eleventh Amendment immunity from suit under § 1983, and Congress has not abrogated a state's Eleventh Amendment immunity for claims brought pursuant to § 1983." *Id*. (internal citations omitted).

Moreover, "Florida law has not established sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701–02 (11th Cir. 2013) (citing *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995), for the proposition that the municipality, not the police department, had the power to sue and be sued under Florida law); *Dean*, 951 F.2d at 1214 (dismissing as a defendant to a § 1983 suit a county sheriff's department in Alabama); *Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919, at *3 (N.D. Fla. Jul. 25, 2007) (holding that neither sheriff's office nor county jail was a proper party because neither was a legal entity subject to suit), *Report and Recommendation adopted*, 2007 WL 2428487 (N.D. Fla. 2007); *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983). And there is no such legal entity as the Escambia County

Road Prison. Even if there was, it would not be a "person" subject to suit under § 1983. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–71 (1989).

In addition , to the extent the underlying criminal matter is still pending, which appears to be the case, this court cannot intervene. Indeed, federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Luckey v. Miller*, 976 F.2d 673 (11th Cir. 1992). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See id.*; *see also 31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). An adequate opportunity to raise constitutional challenges exists if "state procedural law does not clearly bar the interposition of the constitutional claims." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1262 (11th Cir. 1997) (internal marks omitted). Here, it appears the state proceeding is ongoing, in which case Plaintiff's claims are barred by *Younger* because Plaintiff can raise his claims in state court.

In the event the underlying criminal proceeding has concluded, Plaintiff's damages claims are barred by *Heck v. Humphrey*, in which the Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been somehow invalidated. 512 U.S. 477, 486–87 (1994). If the plaintiff fails to demonstrate the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. Plaintiff alleges he was wrongfully arrested and confined. Any judgment in his favor necessarily would imply the invalidity of his conviction and/or sentence. *Id.*

Indeed, the thrust of Plaintiff's complaint is a challenge to his confinement. Plaintiff claims therefore are essentially in the nature of habeas corpus.

Finally, Plaintiff is not entitled to the relief he seeks. According to the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal

claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by Plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of Plaintiff's pleadings that Plaintiff was an inmate at the time he filed this action and that the alleged harm occurred while he was in custody. Based on the facts alleged, Plaintiff has not demonstrated he suffered any physical injury as a result of Defendants' alleged acts or omissions. Accordingly, Plaintiff is prohibited under the PLRA from recovering the compensatory damages he seeks.

This court does not have the authority to grant the other relief Plaintiff seeks—dismissal of the charges against him or sanctioning, reprimanding, or terminating the employment of Defendants.[1]

## III. CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x

[1] Based on the above, the undersigned need not address the merits of Plaintiff's claims. The undersigned nevertheless notes that Plaintiff has fallen far short of pleading facts that would sustain an Eighth Amendment claim, and the court has no independent basis upon which to exercise jurisdiction over the state law claims he asserts. *See, e.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); and *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997).

612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). Here, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief on his claims. It also is apparent Plaintiff cannot cure the deficiencies by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 30th day of April 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**